# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ALLEGRINO, as | ) | |
| assignee of Liberty Immobiliare, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1507 |
| | ) | Judge Nora Barry Fischer |
| CONWAY E & S, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

## I.    Introduction

As set forth in the Court's Memorandum Opinion addressing Defendant Champion Claim Service, Inc.'s ("Champion") motion to dismiss (Docket No. 155), this action was commenced on November 10, 2009 and involves various claims brought by *pro se* Plaintiff Anthony J. Allegrino against eleven (11) different Defendants[1] related to allegations of property damage to business real and personal property and claims made against two insurance policies Plaintiff's assignor, Liberty Immobiliare, Inc. ("Liberty"), had secured to provide coverage for said property. (Docket No. 3). This matter is presently before the Court on motions to dismiss filed by the following Defendants: City of Duquesne ("Duquesne") (Docket No. 61), Twin Rivers Council of Governments ("Twin Rivers") (Docket No. 85), and W & J Contractors, Inc. ("W & J") (Docket No. 135). For the reasons discussed herein, all three motions will be granted, in part, without prejudice; granted, in part, with

---

[1]

Defendants Society of Lloyds, Lloyd's TSP Group and Steel Valley Council of Government were dismissed, with prejudice, upon a stipulation by the parties. (Docket Nos. 154, 159, 160). Defendant Raphael & Associates was dismissed, with prejudice, on November 24, 2009, as this party was not named in Plaintiff's Amended Complaint. (Docket No. 3). Defendant Champion Claim Service, Inc. was also dismissed, with prejudice, upon the Court's granting of its motion to dismiss on April 26, 2010. (Docket No. 156).

prejudice; and denied, in part, as moot.

## II.     Factual and Procedural Background

As to the present motions, the following pertains.  On December 16, 2009, Duquesne filed its Motion to Dismiss (Docket No. 62), to which Plaintiff filed a Response on January 5, 2010. (Docket No. 80). Duquesne then filed a Reply on January 13, 2010. (Docket No. 91).  Twin Rivers filed its Motion to Dismiss on January 12, 2010 (Docket No. 85), to which Plaintiff filed a Response on February 1, 2010. (Docket No. 109). On March 11, 2010, W & J filed its Motion to Dismiss (Docket No. 135), to which Plaintiff filed a Response on March 22, 2010 (Docket No. 139). W &J filed a Reply on April 6, 2010. (Docket No. 142).  In support of all of his Responses, as discussed further below, Plaintiff attached his own affidavit. (Docket Nos. 80-2; 109-1; 139-1).  Additionally, in response to W & J's motion, Plaintiff submitted what he claims to be insurance information for W & J which he received in the mail from Twin Rivers (Docket No. 139-1 at 89), as well as a document titled "Community Development Projects," from Steel Valley Council of Government's website. (Docket No. 139-1 at 11-14).

The two subject insurance policies identified as CONW-5153407 and CONW-51536-08 were deemed exhibits 1 and 2 to Plaintiff's Amended Complaint on April 22, 2010, upon a motion by Defendant Conway E & S, Inc. (Docket Nos. 144 and 150).  On May 4, 2010, upon a motion by Plaintiff, his claim number 9 under Pennsylvania's Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1, *et seq.*, in paragraphs 153 and 154, demands for specific amounts of consequential and punitive damages in paragraphs 9 and 10 on page 27, and his request for damages under the UTPCPL in paragraph 11 on page 27 in his Amended Complaint were dismissed, with prejudice as to all remaining Defendants. (Docket No. 162).  In light of these rulings,

2

to the extent that Twin Rivers and W & J's motions are directed at Plaintiff's claim number 9, and specific demands for consequential and punitive relief (Docket Nos. 85 and 135), they are denied, in part, as moot.

The Court will address the remaining arguments in the above-described motions to dismiss (*id.*) in this consolidated Memorandum Opinion, as they all relate in large measure to Plaintiff's claim number 8 against Duquesne, Twin Rivers, and W & J for their alleged negligence in demolishing the building adjacent to his property located at 140 Aurilles Street, Duquesne, Pennsylvania. (*See* Docket No. 3 at 9, 21-22).

## III.    Standard of Review

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2008)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); and FED. R. CIV. P. 8(a)(2)(a valid complaint requires only "a short and plain statement of the claim" showing entitlement to relief."). The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 129 S.Ct. at 1953; *Fowler*, 578 F.3d at 210-11. The Court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 129 S.Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Fowler*, 578 F.3d at 210; and *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). The determination of whether a complainant has

sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556); *see also Fowler*, 578 F.3d at 210-11 (holding that in light of *Iqbal*, a district court should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts" pled are sufficient to show a "'plausible claim for relief.'"). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

When reviewing a *pro se* complaint, a court must use a less stringent standard than if the complaint had been drafted by counsel and must construe a *pro se* complaint liberally. *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)(quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)); *see also Wishnefsky v. Salameh*, Civ. A. No. 08-128J, 2009 U.S. Dist. LEXIS 124600, at *9 (W.D. Pa. Dec. 22, 2009). *Pro se* attorneys – or in Plaintiff's case, a *pro se* disbarred attorney – "typically 'cannot claim the special consideration which the courts customarily grant to *pro se* parties.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d.Cir. 2001)(quoting *Harbulak v. Cnty. of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981)), *accord, e.g., Glatzer v. Barone*, 614 F.Supp.2d 450, 451 n.1 (S.D.N.Y. 2009); *see also Taylor v. Alvarez*, Civ. A. No. 07-23003, 2008 U.S. Dist. LEXIS 108847, at *1 n.2 (S.D. Fla. Apr. 21, 2008).

Generally, the only documents a court may consider at the motion to dismiss stage, without converting the motion to dismiss into a motion for summary judgment, are those documents attached to the complaint. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, in evaluating a Rule 12(b)(6) motion, a court "may look beyond the complaint to

matters of public record, including court files and records ... and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the [c]omplaint or the defendant's motion." *Spence v. Brownsville Area Sch. Dist.*, Civ. A. No. 08-0626, 2008 U.S. Dist. LEXIS 55026, at *7 (W.D. Pa. July 15, 2008)(citing *Pension Benefit*, 998 F.2d at 1196)). A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008)(quoting *Pension Benefit*, 998 F.2d at 1196). Otherwise, a plaintiff with a legally insufficient claim could survive a motion to dismiss "simply by failing to attach a dispositive document on which it relied." *Pension Benefit*, 998 F.2d at 1196.

As noted *supra*, in response to the three motions, Plaintiff submitted his own affidavits, which set forth additional factual allegations not included in his Amended Complaint. ((Docket Nos. 3, 80-2; 109-1; 139-1). He also submitted other documentation in reply to W & J's motion - two pages from a purported insurance policy issued to W & J by Century Surety Company held by Twin Rivers and a document from Steel Valley Council of Governments' website titled "Community Development Projects." (Docket No. 139-1). Both Duquesne and W & J filed replies in which they argue that these documents are outside the scope of the Amended Complaint, noting that they did not ask the Court to treat their motions to dismiss as motions for summary judgment; therefore, the Court should not consider them. (Docket No. 91 at 2; 142 at 2). The Court agrees with Duquesne and W & J that it may not consider Plaintiff's affidavits in analyzing the motions to dismiss. *Greer v. Smith*, 59 Fed. Appx. 491, 492 (3d Cir. 2003)(not precedential)(citing *Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000)))(affidavits filed in opposition to a motion to dismiss "clearly comprise [] a matter outside the pleadings."). Additionally, the Court will not consider the other remaining

documents filed in opposition to W & J's motion, as they are neither relied upon by Plaintiff in his Amended Complaint nor relevant to the Court's opinion. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)(a district court may only consider a "document integral to or explicitly relied upon in the complaint" in ruling upon a motion to dismiss).

IV.     **Discussion**

A federal court sitting in diversity must apply the substantive law as decided by the state's highest court. *Travelers Indem. Co. of Illinois v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997)(citations omitted). The parties here do not dispute the application of Pennsylvania law to this matter; therefore, Pennsylvania law will be applied. *See Compagnie des Bauxites*, 880 F.2d 685, 689-91 (3d Cir. 1989).[2] However, Plaintiff does assert a potential cause of action based on New York law in his claim number 11. (*See* Docket No. 3 at 25-26). Later, in this Opinion the Court will address and dismiss the New York claim as to Twin Rivers and W & J.

A.      **Duquesne's Motion to Dismiss**

Duquesne moves for dismissal of Plaintiff's claims for negligence in "Claim # 8," punitive damages, and bad faith. (Docket Nos. 61, 62). The Court will address each, in turn.

1.      **Governmental Immunity**

Duquesne moves for dismissal of Plaintiff's claim number 8 on the basis that it is entitled to governmental immunity pursuant to the Political Subdivision Tort Claims Act, 42 Pa. C.S. A. §§ 8541, *et seq.* ("PSTCA")(Docket No. 62 at 5). In particular, Duquesne argues that the real estate exception to immunity does not apply because Plaintiff has not alleged that Duquesne owned the demolished property or that Duquesne actually demolished the property. (*Id.* at 6-7). Rather, as

Plaintiff solely alleges negligent supervision by Duquesne in his Amended Complaint (Docket No. 3 at 22), no exception to immunity applies and Duquesne cannot be held liable for damages for the alleged negligent demolition of the building at 140 Aurilles Street. (*Id.* at 7-8).

Plaintiff counters that his allegations that the demolition damage was caused by the negligence of Duquesne's employees, and not by third parties, are sufficient to establish an exception to governmental immunity. (Docket No. 80 at 4-6). Furthermore, because the damage to Plaintiff's building was caused by Duquesne's employees, including City Manager Frank Piccolino, who had care, possession and control of the adjacent building, their negligence was the direct cause of the damage. (*Id.* at 7). Plaintiff further states in his Response that because Duquesne both participated in and supervised the demolition, it should be held accountable for its negligence. (*Id.*).

Under section 8541 of the PSTCA, a local government agency will not be liable for any damages "on account of any injury to a persons or property caused by an act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541; *Dours v. Mark S. Schweiker, Governor, Commonwealth of Pennsylvania*, 229 F. Supp. 2d 391, 402 (E.D. Pa. 2002). The parties do not dispute that Duquesne is such a local agency as defined in section 8501[3] of the PSTCA. (Docket No.3 at 4, Docket No. 80 at 6; Docket No. 62 at 9).

According to the terms of the statute, tort actions are permitted only in eight enumerated,

---

[3]

Under this section, local agency is defined:

> A government unit other than the Commonwealth government. The term includes, but is not limited to, an intermediate unit; municipalities cooperating in the exercise or performance of governmental functions, powers or responsibilities under 53 Pa.C.S. Ch. 23 Subch. A (relating to intergovernmental cooperation); and councils of government and other entities created by two or more municipalities under 53 Pa.C.S. Ch. 23 Subch. A.

42 Pa. C.S.§ 8501.

strictly construed circumstances, which are the only exceptions to sovereign immunity. *See* 42 Pa. C.S. § 8542; and *Simmons v. Twp. of Moon*, 144 Pa. Commw. 198, 205, 601 A.2d 425, 429 (1991). A cause of action resulting from the local agency's care, custody or control of real property of others is among these exceptions. 42 Pa. C.S. § 8542(b)(3). For the limited waiver of section 8542(b)(3) to apply, thus waiving a local agency's immunity for negligent care of real property, there must be "negligence which makes the real property itself unsafe for activities for which it is used." *Snyder v. Harman*, 522 Pa. 424, 562 A.2d 307, 312 (Pa. 1989)(citation omitted). The Pennsylvania Supreme Court has interpreted this section to apply "only to those cases where it is alleged that the artificial condition or defect of the land causes injury, not merely when it facilitates injury by the acts of others." *Id.*; *see also Pa. Tpk. Comm'n v. Nationwide Trucking Servs.*, 319 F.Supp.2d 569, 580-81 (W.D. Pa. 2004). In other words, a plaintiff's injuries must be caused by or be the result of a defect in the government owned land itself and not by the actions of others outside the scope of the PSTCA. *Pa. Tpk. Comm'n*, 319 F.Supp. At 581; *Chambers v. SEPTA*, 563 F.2d 603 (Pa. 1989); *see also Cowell v. DOT*, 883 A.2d 705 (Pa. Cmwlth. 2005)(a governmental unit can only be subjected to liability under the real property exception based on the actions of its own employees, and not third parties).

In the case *sub judice*, Plaintiff relies upon the real property exception and bases his claim number 8 upon Duquesne employees' alleged negligent demolition of the building neighboring Plaintiff's property. (Docket No. 3 at 22). In his Amended Complaint, he alleges simply that Duquesne "supervised and observed the demolition." (*Id.*). In his Response to Duquesne's motion (Docket No. 80 at 6), he claims for the first time that Duquesne had care, custody and control of the demolished property in its possession and that the actions of Duquesne employees caused the lateral

support damage to his property. (Docket No. 80 at 6). Plaintiff has not provided any factual support for these legal conclusions demonstrating that Duquesne had care, custody or control of the property at 140 Aurilles Street. As these allegations were not plead in Plaintiff's Amended Complaint, his claim number 8 based upon the real property exception is insufficiently pled. Hence, claim number 8 as to Duquesne is dismissed, without prejudice. *Twombly*, 127 S.Ct. at 1965 ("stating ... a claim requires a complaint with enough factual matter to suggest the required element."). However, because the Court finds that it would not be futile to permit Plaintiff to amend his claim number 8 against Duquesne, *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000), he shall be granted leave to amend this claim.

### 2.    Punitive Damages

With regards to Plaintiff's demand for punitive relief, Duquesne again argues that it is immune from the imposition of same, because such an award "would 'punish' only the taxpayers, who took no part in the claims giving rise" to this case. (Docket No. 62 at 9). In response, Plaintiff contends that because he has alleged that Duquesne was reckless and malicious in demolishing the neighboring property, it may be held liable for punitive damages. (Docket No. 80 at 10). He further contends that such relief is appropriate because Duquesne "actively attempted to cover-up the damage done by their employees and agents with fraudulent intent." (*Id.*).

In *Newport v. Facts Concerts*, 453 U.S. 247 (1981), the Supreme Court held that as a matter of federal law, the recovery of punitive damages from a governmental entity is prohibited, unless expressly authorized by statute. *Id.* at 271; *see also Jackson v. City of Pittsburgh*, Civ. A. No. 07-111, 2010 U.S. Dist. LEXIS 15069, at *51 (W.D. Pa. Feb. 22, 2010). The Supreme Court reasoned that because "such award would burden the very taxpayers and citizens for whose benefit the

wrongdoer was being chastised," punitive relief is not available against local governments. *Id.* at 263; *see also City of Philadelphia Office of Hous. & Cmty. Dev. v. AFSCME*, 876 A.2d 375, 378 (Pa. 2005)("it is against public policy of our Commonwealth to award punitive damages against a Commonwealth agency."). Indeed, no reported decision of an appellate court in Pennsylvania has ever permitted punitive damages against a government agency. *See Feingold v. Southeastern Pa. Trans. Auth.*, 488 A.2d 284, 291-92 (Pa. Super. 1985), *aff'd.*, 517 A.2d 1270 (Pa. 1986); *see also Halstead v. Motorcycle Safety Found., Inc.*, 71 F.Supp.2d 464, 472 (E.D. Pa. 1999). Given this authority, Plaintiff's claim for punitive relief against Duquesne fails as a matter of law. *See also Marko v. City of Philadelphia*, 576 A.2d 1193 (Pa. Cmwlth. Ct. 1990); *Roskos v. Sugarloaf Twp.*, 295 F.Supp.2d 480 (M.D. Pa. 2003)(punitive damages are not available under the PSTCA against a municipality). Consequently, Plaintiff's demand for punitive relief against Duquesne is dismissed, with prejudice.

### 3.     Claim for Bad Faith

Duquesne further moves for dismissal of Plaintiff's claim number 10 under Pennsylvania's bad faith statute, 42 Pa.C.S. § 8371, on the basis that because it is a governmental body and not an insurer, this claim fails. (Docket No. 62 at 9). To this end, Duquesne also argues that any other type of contractual insurance-related claim fails because Duquesne did not have a contract with Plaintiff. (*Id.*). Plaintiff counters that Duquesne has exhibited "nothing but 'bad faith' and disrespect for Plaintiff's claims" since they were first brought to its attention. (Docket No. 80 at 11). He further states that Duquesne and its employees caused the damage to his building and it is attempting to "manipulate, exploit, and delay Plaintiff's claims process." (*Id.* at 12).

At the outset, the Court points out that Plaintiff does not argue that he had a contract with

Duquesne or that Duquesne is an insurer under Pennsylvania law. Further, Plaintiff did not plead a contractual relationship with Duquesne in his Amended Complaint. (Docket No. 3). As a result, pursuant to *Twombly* and *Iqbal*, the Court finds that Plaintiff's allegations of bad faith in responding to his property claims against Duquesne are flawed. Moreover, a claim for bad faith under 42 Pa. C.S.A. § 8371 can be brought only against an insurer. *Lindsey v. Chase Home Financ, LLC*, Civ. A. No. 06-12200, 2006 U.S. Dist. LEXIS 61893, at *3-4 (M.D. Pa. Aug. 30, 2006). It undisputed that Duquesne is a Pennsylvania municipal corporation, and not an insurer. (Docket No.3 at 4, Docket No. 80 at 6; Docket No. 62 at 9). Therefore, the Court finds that Duquesne cannot be held liable for statutory bad faith under Pennsylvania law. Plaintiff's claim number 10, to the extent it is asserted against Duquesne, is dismissed, with prejudice.

B.     **Twin Rivers and W & J's Motions to Dismiss**

Twin Rivers and W & J move to dismiss Plaintiff's Amended Complaint on several grounds. (Docket Nos. 85, 135). As to Plaintiff's claims related to the subject insurance policies, i.e. breach of contract, bad faith, and claim for relief under New York law, both Defendants argue that to the extent these claims are brought against them, they should be dismissed because Plaintiff has not plead any contractual relationship with Twin Rivers or W & J. (Docket No. 85 at 2-3, Docket No. 135). In addition, to the extent that claim number 7 is directed against them, Twin Rivers and W & J argue that said claim should be similarly dismissed for failure to state a claim. (Docket No. 86 at 4; Docket No. 135 at 3-4). They further contend that Plaintiff's allegations of negligence in claim number 8 fail because Plaintiff has not averred any relationship with Twin Rivers or W & J giving rise to a duty of care. (*Id.*). Nor has he alleged that their conduct caused damage to Plaintiff's property. (*Id.*). In the alternative, Twin Rivers argues that Plaintiff should be required to amend his

pleadings because he has not set forth enough facts to support his claims. (*Id.*). W & J further requests that the Court dismiss Plaintiff's requests for punitive relief and attorney's fees. (Docket No. 135 at 11-12).

### 1. Claims Numbered 1-6, 10-11

To the extent that Plaintiff's breach of contract claims numbered 1 through 6 are directed at Twin Rivers and W & J, they contend that because each of these claims are brought solely against the Lloyd's Defendants, i.e. the insurance companies, and because Plaintiff fails to allege a contract with Twin Rivers or W& J, said claims fail. (Docket No. 86 at 3; Docket No. 135 at 2-3). W & J additionally argues that Plaintiff has not averred that W & J breached a specific provision of any contract. (Docket No. 135 at 2-3). Twin Rivers and W & J also maintain that because they are neither insurers nor in contractual privity with Plaintiff, they cannot be held liable for bad faith or for breach of the implied covenant of good faith under New York law. (Docket No. 86 at 3; Docket No. 135 at 2-3).

In response, Plaintiff does not claim that he had contracts with Twin Rivers or W & J, or that they are insurers; instead, he asserts that they are "necessary parties" to this action. (Docket No. 109 at 12; Docket No. 139 at 12). Plaintiff further responds by asserting that Twin Rivers and W & J indemnifies and/or covers the losses of its "partners," including Duquesne; therefore, they are insurers for the purposes of his claims. (Docket No. 139 at 3). He further contends that these parties as "partners" "have exhibited nothing but 'bad faith' since Plaintiff first notified them of his claims." (*Id.* at 4). In its Reply, W & J points out that the allegation that it indemnifies the other Defendants was not plead in the Amended Complaint, but regardless of same, it cannot be classified as an insurer based on such a proposition. (Docket No. 142 at 3). Furthermore, any purported duty on the part of

W & J to indemnify other Defendants would belong to those Defendants, and not Plaintiff. (*Id.*). It also maintains that Plaintiff has not provided any factual support for his contention that he is an intended third-party beneficiary of an indemnification agreement between Defendants. (*Id.*).

In order for a defendant to be held liable for a breach of a contract, it is axiomatic that the defendant must be a party to the contract. *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991); *see also Smarttran, Inc. v. Alpine Confections, Inc.*, 352 Fed. App. 650, 656 (3d Cir. 2009)(not precedential). Here, Plaintiff has not plead in his Amended Complaint (Docket No. 30) or argued in his Responses (Docket Nos. 109 and 139) that a contract exists with Twin Rivers or W & J, or that these parties were insurers on the policies. Furthermore, as discussed more fully in the Court's prior Memorandum Opinions (Docket Nos. 155, 163), the subject insurance policies explicitly state that they are 100 % effective with the Lloyd's Defendants. (*Id.*). In fact, the policies do not contain any reference to Twin Rivers or W & J. The Court also notes that all of Plaintiff's allegations concerning his interaction with any insurer relate to the actions of Certain Underwriters at Lloyd's. (*See* Docket No. 3; Docket No. 83). Conversely, the Court reads Plaintiff's allegations in his Amended Complaint against Twin Rivers and W & J to be based solely in negligence. (Docket No. 3 at 21-22).

The Court also finds Plaintiff's argument that Twin Rivers and W & J should be held liable for breach of contract based on an indemnity theory to be without factual or legal support. Regardless of whether these parties have an indemnity agreement, such agreement would not serve to create a contract between them and Plaintiff, absent a specific provision to the contrary. *See Am. Soc'y for Testing & Materials v. Corrpro Cos.*, 292 F.Supp.2d 713, 716-17 (E.D. pa. 2003)(a party only becomes a third party beneficiary where both parties to the contract express an intention to benefit

the third party in the contract itself) (citing *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992)). Nor does such an agreement between the Defendants convert Twin Rivers or W & J into an insurance company. Furthermore, Plaintiff did not include these allegations in his Amended Complaint. Thus, Plaintiff's argument that Defendants should be held liable for breach of contract because they purportedly indemnify each other fails. Consequently, to the extent that Plaintiff seeks relief against Twin Rivers and W & J for breach of contract in his claims numbered 1-6, said claims are dismissed, with prejudice as to these Defendants.

Turning to Plaintiff's claim number 10, the Court agrees with Twin Rivers and W& J that because Plaintiff has not demonstrated a contractual relationship with them or that these parties are insurance companies, this claim should be dismissed. (Docket No. 86 at 4-5). This Court previously explained that in order for a defendant to be liable under Pennsylvania's bad faith statute, 42 Pa C.S. § 8371, it must be an insurer under the policies at issue. *Nordi v. Keystone Health Plan West, Inc.*, No. 1476 WDA 2008, 2010 Pa. Super. LEXIS 12, at *11 (Pa. Super. Ct. Jan. 22, 2010); (Docket No. 155 at 24-25). As noted above*,* the subject policies explicitly state that they are effective with Certain Underwriters at Lloyd's; Twin Rivers and W & J are not identified parties to the subject policies. (Docket No. 144 at 3, 33). In addition, Plaintiff does not contest the fact that Twin Rivers is a municipal council of governments and W & J is a private contractor, and not insurers. (Docket No.3 at 4; Docket No. 109 at 12; Docket No. 136). Consequently, in accordance with the Court's prior ruling as to claims numbered 1-6 that Twin Rivers and W & J are not insurers on the subject policies, the Court finds that they cannot be liable for bad faith under Pennsylvania law. Thus, Defendants Twin Rivers and W & J are dismissed, with prejudice, from claim number 10.

Plaintiff's claim number 11 cannot go proceed for similar reasons. To be held liable under

New York law for breach of the covenant of good faith and fair dealing, a plaintiff must demonstrate that the defendant was a party to the contract at issue. *Wilmington Trust Co. v. Strauss*, 831 N.Y.S.2d 357, at *8-9 (N.Y. 2006). Given that the Court has already ruled that Plaintiff has not demonstrated a contractual relationship with Twin Rivers or W & J, the Court finds that Plaintiff's New York claim is not viable as to these Defendants. To the extent that Plaintiff's claim number 11 is directed at Twin Rivers and W & J, it is likewise dismissed, with prejudice.

### 2. Claims Numbered 7 and 8

Both Twin Rivers and W & J argue that claim number 7 for negligence should be dismissed against them  as Plaintiff has failed to sufficiently plead such a cause of action relating to the placement of the subject policies. (Docket No. 86 at 4; Docket No. 135 at 2).  They posit that because this claim does not reference these parties or the duty they owed to Plaintiff with regards to recommending and securing coverage, this claim, to the extent it is against Twin Rivers and W & J, should be dismissed.  (*Id.*).

In his opposition papers, Plaintiff did not argue against dismissal of his claim number 7 against these parties. (*See* Docket Nos. 109 and 139).  Moreover, the Court construes Plaintiff's cause of action in "claim # 7" to be directed solely at Defendants Conway E & S, Inc. and Associates of Risk Transfer, Inc., and their alleged negligence in arranging for and recommending the subject policies. (Docket No.3 at 21).  Nowhere in said claim does Plaintiff Twin Rivers or W  & J appear. *Twombly*, 127 S.Ct. at 1965 ("stating ... a claim requires a complaint with enough factual matter to suggest the required element.").  Thus, to the extent claim number 7 is brought against Twin Rivers and W & J, it is dismissed, with prejudice.

Twin Rivers and W & J next move to dismiss Plaintiff's claim number 8 arguing that

Plaintiff has only referenced these parties in one paragraph of his Amended Complaint and has failed to set forth any facts stating a plausible claim to relief. (Docket No. 86 at 5-6; Docket No. 135 at 2). Rather, Defendants point out that Plaintiff's sole averment specific to them states that they "owed Plaintiff a duty of care in demolishing the [b]uilding adjacent to Plaintiff's [b]uilding." (Docket No. 86 at 6; Docket No. 3 at 22; Docket No. 136 at 6). Therefore, in light of Plaintiff's failure to allege nothing more than the mere elements of a negligence cause of action, his claim for negligence should be dismissed against Twin Rivers and W & J. (Docket No. 86 at 7; Docket No. 136 at 6). In the alternative, Twin Rivers moves for a more definite statement under Federal Rule of Civil Procedure 12(e). (*Id.*). In this regard, Twin Rivers requests that the Plaintiff be required to identify the particular conduct that allegedly caused damage to Plaintiff's property and the relationship between the parties that would impose liability on Twin Rivers. (Docket No. 86 at 8).

In response, Plaintiff states that he is not aware of any legal requirement to plead with specificity a claim for negligence.[4] (Docket No. 109 at 2). He goes on to argue that because Twin Rivers, W & J and Duquesne were "partners" in the demolition project, and co-conspirators "in covering up their bad faith," they are jointly and severally liable for the acts of each other. (*Id.* at 3-4; Docket No. 139 at 5). Additionally, Plaintiff argues that Twin Rivers and W & J are not immune

---

[4] Federal Rule of Civil Procedure Rule 8(a)(2) requires that a pleading contain a short and plain statement of a claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). This rule has been interpreted to require a plaintiff to plead sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. 544). In the Appendix to the Federal Rules of Civil Procedure, Form 11 provides a sample complaint for negligence. Plaintiff is presumed to have been aware of these requirements in forming his claims. To this end, the Court's website offers a "Pro Se Manual," to assist *pro se* litigants wishing to file a complaint in this court. *See* http://www.pawd.uscourts.gov/Documents/Forms/PROSE_manual_2009.pdf. Indeed, in Plaintiff's Responses, he cites to *Twombly* and *Iqbal*. (Docket Nos. 80 at 2; Docket No. 109 at 1-2; Docket No. 139 at 2).

under the PSTCA in that they had care, custody and control of the demolished property.[5] (*Id.* at 5-8; Docket No. 139 at 10). On this point, he alleges that Twin Rivers and W & J secured the property on several occasions and were in possession of the same when it was demolished. (*Id.* at 8). As to W & J, he maintains that he has sufficiently alleged a claim for "active" negligence against W & J in claim number 8, as W& J had joint custody and control of the demolished premises. (Docket No. 139 at 10, 12).

To demonstrate a claim under Pennsylvania law for negligence, a claimant must allege enough factual matter showing: (1) a duty of care owed by the defendant, (2) a breach of that duty, (3) a causal connection between the defendant's conduct and the claimant's injury, and (4) actual harm or damage suffered. *Faylor v. Szupper*, Civ. A. No. 08-996, 2010 U.S. Dist. LEXIS 30611, at *35 (W.D. Pa. Mar. 30, 2010)(citing *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)).

The Court first notes that the facts averred by Plaintiff in oppositions papers were not plead in his Amended Complaint. (*See* Docket Nos. 3 at 22; 109, 139). Thus, the Court agrees with Defendants that beyond stating the legal elements of a negligence cause of action in his Amended Complaint, Plaintiff has not averred enough facts suggesting a plausible right to relief for negligence against Twin Rivers and W & J. In particular, Plaintiff has not presented facts showing that Twin Rivers and W & J owed him a duty of care or that their conduct constituted a breach of that duty. In his opposition, Plaintiff simply asserts more legal conclusions, i.e. that these parties had care, custody and control of the demolished building and that their "active" negligence damaged Plaintiff's

---

[5]
The Court notes that this portion of Plaintiff's Responses to Twin Rivers and W & J motions (Docket Nos. 109 and 139) appears to be verbatim from his Response to Duquesne's motion (Docket No. 80). Indeed, in this part of his briefs, Plaintiff discusses Duquesne's alleged involvement in his claims, without reference to Twin Rivers or W & J. (Docket No. 109 at 7-8; Docket No. 139 at 8-9). Additionally, Plaintiff argues in support of his claim for punitive damages with regards to Twin Rivers, while Twin Rivers did not move to dismiss the same. (Docket No. 11-12).

property. (Docket No. 139 at 5, 10, 12). These allegations remain devoid of any factual basis establishing that these parties owed Plaintiff a duty and that the particular conduct of Twin Rivers and W & J caused harm to his real property.

The Court further finds that Plaintiff's contention that Twin Rivers and W & J are liable for negligence as "partners, "co-conspirators" and joint tortfeasors with Duquesne does not revive his claim number 8. Even construing Plaintiff's conspiracy theory set forth in his briefs as an amendment to his claims, the Court finds that this theory fails, as Plaintiff has not provided any factual basis for such a proposition. Rather, Plaintiff has made no more than conclusory legal statements to assert that Defendants acted as partners in a conspiracy in their actions towards Plaintiff. (Docket No. 109 at 12-15). Such conclusory statements are insufficient. *W. Penn Allegheny Health Sys. v. UPMC*, Civ. A. No. 09-480, 2009 U.S. Dist. LEXIS 100935, at * 91 (W.D. Pa. Oct. 29, 2009)(citation omitted)(a plaintiff cannot use the term "conspiracy" to "masquerade" legal conclusions as factual averments); *United States ex rel. Barlett v. Tyrone Hosp., Inc.*, 234 F.R.D. 113, 134-35 (W.D. Pa. 2006)(pursuant to Rule 9(b) a civil conspiracy agreement must be pled with specificity).

Given the above outlined deficiencies in Plaintiff's Amended Complaint, the Court finds that Plaintiff has failed to sufficiently plead his negligence cause of action against Twin Rivers and W & J in accordance with *Twombly* and *Iqbal*. Plaintiff's claim number 8 is dismissed, without prejudice. Given Twin Rivers' request for a more definite statement, and because the Court concludes that amendment would not be futile, *Shane*, 213 F.3d at 116, Plaintiff shall be granted leave to amend this claim against Twin Rivers and W & J to comply with the fact-pleading requirements set forth in *Twombly* and *Iqbal*, *supra*.

### 3. Requests for Relief

#### a. Punitive Damages

W & J further moves for dismissal of Plaintiff's demand for punitive damages related to its alleged negligence. (Docket No. 136 at 11). It argues that Plaintiff has not stated any facts demonstrating that W & J's conduct was intentional, reckless, willful, or outrageous, or that its conduct was deliberate with the intent to harm Plaintiff. (*Id.*). As a result, Plaintiff has insufficiently stated a claim for punitive relief against W & J. (*Id.*). In his Response, Plaintiff merely recites the standard under Pennsylvania law permitting an award of punitive damages. (Docket No. 139 at 3). He does not argue whether he has sufficiently stated a claim for such relief under this legal precedent.

Under Pennsylvania law, punitive damages may be awarded for negligent conduct that is outrageous due to the defendant's evil motives or "reckless indifference to others." *Sabric v. Martin*, Civ. A. No. 09-12237, 2010 U.S. Dist. LEXIS 12502, at *17 (M.D. Pa. Feb. 12, 2010)(citing *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990)). In *Sabric*, the plaintiff alleged the defendants' conduct was outrageous based on their conscious disregard of six specific incidents averred by the plaintiff. *Sabric*, 2010 U.S. Dist. LEXIS 12502, at *17. The court found that these "specific allegations" were sufficient to make out a claim for punitive damages. *Id.*

Here, in claim number 8, Plaintiff has simply pled that "Defendants" were "reckless and careless" in breaching their duty to Plaintiff in demolishing the building neighboring his property. (Docket No. 3 at 21). He has not identified which Defendant was allegedly "reckless and careless." Of greater import, he has not pled any factual detail demonstrating how any of the Defendants' actions were outrageous or reckless. Thus, in the Court's estimation, Plaintiff has not sufficiently

pled a claim for punitive damages for claim number 8 pursuant to *Twombly* and *Iqbal*. This request for relief as to claim number 8, is dismissed, without prejudice. However, because the Court finds that it would not be futile to permit Plaintiff to amend this claim for relief, *Shane v. Fauver*, 213 F.3d at 116, he shall be granted leave to amend his claim number 8 to assert his basis for punitive damage liability against W & J.

### b.  Attorney's Fees

W & J lastly moves to dismiss Plaintiff's claim for attorney's fees because there can be no recovery for same absent an express statutory allowance or a clear agreement between the parties. (Docket No. 136 at 11). Because neither of these situations exist in this case, W & J requests that Plaintiff's demand for attorney's fees be stricken from his Amended Complaint. (*Id.* at 12). Plaintiff argues in response that attorney's fees are authorized under Pennsylvania's bad faith statute and New York law; therefore, this request for relief should remain in his Amended Complaint. (Docket No. 139 at 10).  He further states that he "anticipates the involvement of a prominent law firm for at least part of the litigation on his behalf." (*Id.*).

In light of the fact that the Court has already dismissed Plaintiff's breach of contract, bad faith, and New York claims against W & J, to the extent that Plaintiff seeks attorney's fees related to the same, said request is likewise dismissed, with prejudice.

Turning to Plaintiff's attorney's fee demand in claim number 8, as a general rule in Pennsylvania, "a litigant cannot recover counsel fees from an adverse party unless there is express

statutory authorization, a clear agreement of the parties, or some other established exception."[6] *Onzik v. Bor. of Edwardsville*, Civ. A. No. 08-2036, 2009 U.S. Dist. LEXIS 70302, at *13-14 (M.D. Pa. Aug. 11, 2009)(citing *Synder v. Synder*, 620 A.2d 1133, 1134 (Pa. 1993)). Plaintiff has not pled any circumstances warranting an award of attorney's fees. Moreover, as this court has recently stated, attorney's fees are not available in negligence cases. *Martik Bros., Inc. v. Huntington Nat'l Bank*, Civ. A. No. 08-83, 2010 U.S. Dist. LEXIS 40250, at *5 (W.D. Pa. Apr. 23, 2010)(citing *Krysmalski v. Tarasovich*, 622 A.2d 298 (Pa. Super. Ct. 1993); and *Walker v. May Dept. Stores Co.*, 83 F.Supp.2d 525 (E.D. Pa. 2000)). As a result, Plaintiff's demand for attorney's fees related to claim number 8 against W & J does not survive.

As this Court has stated before (*see* Docket No. 163 at 17), there is another reason why Plaintiff's request for attorney's fees cannot proceed. Absent a clear congressional directive, a *pro se* plaintiff cannot be awarded attorney fees. *See e.g.*, *Owens-El v. Robinson*, 694 F.2d 941, 943 (3d Cir. 1982)("*pro se* non-lawyer litigants cannot be awarded attorney's fees under" 42 U.S.C. § 1988); *Cunningham v. FBI*, 664 F.2d 383 (3d Cir. 1981)(non-lawyer *pro se* litigant is not entitled to attorney's fees for services provided to himself under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E)). Therefore, since Plaintiff is not represented by counsel, and is no longer a licensed attorney, he cannot recover attorney's fees. *See also Aronson v. Creditrust Corp.*, 7 F.Supp.2d 589, 594 (W.D. Pa. 1998)(*pro se* plaintiff's request for attorney's fees was stricken by the court pursuant to Rule 12).

---

[6]

This is commonly referred to as the "American Rule," and according to said rule, attorney's fees are also not recoverable for a plaintiff's breach of contract claim unless they are provided for in the policies themselves. *Merlino v. Delaware Cnty.*, 728 A.2d 949, 951 (Pa. 1999). A review of the subject policies in the case *sub judice* reveals that the policies do not provide for attorney's fees in the event of litigation over a disputed claim for payment. (Docket No. 144).

As a result of the foregoing, Plaintiff's request for attorney's fees is dismissed, with prejudice as to W & J.

## VI.      Conclusion

For the above reasons, Defendants Duquesne, Twin Rivers and W & J's motions to dismiss (Docket Nos. 61, 85, 135) are granted, in part, with prejudice; granted, in part, without prejudice; and denied, in part, as moot. An appropriate order detailing the Court's rulings follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:          May 18, 2010.
CC/ECF:    All counsel of record.